UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

AT LAW AND IN ADMIRALTY

MELVILLE H. ROCKOFF and
SUZANNE M. ROCKOFF,

    Plaintiffs,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## COMPLAINT, DEMAND FOR JURY TRIAL

The Plaintiffs, MELVILLE H. ROCKOFF and SUZANNE M. ROCKOFF, sue the Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., (hereinafter "Defendant"), for damages and shows as follows:

## THE PARTIES AND JURISDICTION

1.     This Civil action is one seeking money damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.     Plaintiffs, MELVILLE H. ROCKOFF and SUZANNE M. ROCKOFF, are citizens of the state of TEXAS;

3. Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, INC., is a corporation incorporated under the laws of Florida, and with its principal place of business in Miami, Florida.

4. Defendant, at all times material hereto, personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in the state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

   f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel.

5. The Defendant is subject to the jurisdiction of the Courts of this State.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States, and this Court has jurisdiction pursuant to 28 U.S.C. 1333 and/or 28 U.S.C. 1332;

7. At all times material hereto, Defendant owned, operated, and/or managed, maintained and/or controlled the vessel M/V CARNIVAL MAGIC.

8. At all times material hereto Plaintiffs, MELVILLE H. ROCKOFF and SUZANNE M. ROCKOFF, were fare paying passengers aboard the cruise ship named M/V CARNIVAL MAGIC, owned and operated by Defendant.

9. The passenger ticket for the cruise in question requires Plaintiffs to file their lawsuit in the Southern District of Florida, and states the named Defendant is the proper party Defendant for any actions arising out of the cruise;

10. The passenger ticket deemed a contract, required Plaintiffs to file suit within one year from the date of the accident. Defendant agreed to extend the deadline, thus this action is timely filed.

11. On or about January 29, 2013, Plaintiff SUZANNE M. ROCKOFF was walking through the Lido Deck with her husband. As she was walking through the Lido Deck to get indoors, she slipped on a wet and slippery floor surface. The floor was wet and slippery because of water dripping from an A.C. unit located near the door to the entrance of the Lido Deck. This was an ongoing problem.

12. As a direct and proximate result of the aforesaid negligent conduct of the Defendant in creating an unsafe condition, and for failure to correct such, Plaintiff SUZANNE M. ROCKOFF, slipped on the wet floor falling on her back and fracturing a vertebrate.

13. As a consequence of the fall, she underwent a Kyphoplasty with a cement injection on April 3, 2013. She has suffered physical and emotional injuries, suffered pain therefrom, incurred various medical expenses, loss of physical functions, and loss of enjoyment of life all, of which said conditions are permanent and continuing in nature.

14. At all times material hereto, Plaintiff MELVILLE H. ROCKOFF, was SUZZANE M. ROCKOFF's husband and as a direct of the negligence of the Defendant and the injuries sustained, by his wife, has a claim for loss of consortium.

## COUNT I
## NEGLIGENCE

15. Plaintiff reallege, adopts, and incorporate by reference the allegations in paragraphs 1 through 14 as though alleged originally herein.

16. It was the duty of the Defendant to exercise reasonable care under the circumstances, for the safety of the passengers, including the Plaintiffs.

17. On or about January 29, 2013, Defendant and/or its agents, servants and/or employees breached its duty owed to Plaintiff SUZZANE M. ROCKOFF to excercise reasonable care under the circumstances, as she was injured due to the fault and/or negligence of Defendant, and/or its agents, servant, and/or employees, as follows:

   a. Failure to require crewmembers to wipe down and keep areas that become wet in a dry condition;

   b. Failure to warn anyone, including the Plaintiff, who would walk in the area where Plaintiff fell of the dangerous condition and the fact that the floor was slippery;

   c. Failure to inspect for and to observe the slippery area of the floor where Plaintiff was injured.

   d. Failure to observe that the floor area where Plaintiff was injured was constantly becoming wet, and failing to wipe down and keep the area in a dry and reasonably safe condition.

   e. Failure to maintain the area in a reasonable safe condition.

   f. Failure to fix the leaking water problem.

   g. Failure to have an appropriate anti slid surface.

   h. Failure to make sure the area where Plaintiff fell was maintained in a reasonably safe condition under the circumstances.

    i. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries.

    j. Negligent maintenance of the area.

    k. Failure to otherwise maintain the area and the premises in a reasonably safe manner.

    l. Failure to provide passengers with a safe place to walk.

    m. Failure to have proper procedures in place to inspect and maintain the area where Plaintiff fell.

    n. At all times material hereto, Defendant had exclusive custody and control of the vessel, and therefore an inference of negligence exhibits under the doctrine of Res Ipsa Loquitur.

18. The Defendant created the dangerous conditions and allowed the dangerous conditions to exist, thereby causing the Plaintiff to slip and fall.

19. Defendant knew of the foregoing conditions causing Plaintiffs accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise reasonable care under the circumstances should have learned of them and corrected them.

20. As a result of the negligence of Defendant, Plaintiff SUZANNE M. ROCKOFF was injured about her body and extremities, sustained serious injuries, resulting in loss of function, pain and suffering, disability, disfigurement, mental anguish, inconvenience, the expense of medical care and treatment, possible aggravation of many pre-existing medical conditions and the loss of capacity of enjoyment of life, lost wages in the past and impairment of earning capacity in the future.

**WHEREFORE**, the Plaintiff, SUZANNE M. ROCKOFF demands judgment for all damages recoverable under the law against the Defendant, including prejudgment interest, and costs, and demands trial by jury.

## COUNT II
## LOSS OF CONSORTIUM

21. Plaintiff adopts and reallege, and incorporates by reference the allegations in paragraphs 1 through 14 as though alleged originally herein and further alleges as follows:

22. As a direct and proximate result of the negligence of the Defendant set forth above, Plaintiff, SUZANNE M. ROCKOFF, sustained a significant injury to her back requiring her to undergo a Kyphoplasty on April 3, 2013 and limits her activities.

23. Before suffering these injuries, SUZANNE M. ROCKOFF was able to and did perform all the duties of a wife and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to Plaintiff, MELVILLE H. ROCKOFF.

24. As a direct and proximate result of the injuries, SUZANNE M. ROCKOFF has been unable to perform the same duties of a wife.

25. Due to the nature of the injuries sustained by Plaintiff, SUZANNE M. ROCKOFF, and the severe physical and psychological strains they cause her she is no longer able to provide Plaintiff, MELVILLE H. ROCKOFF, with the same love, companionship, affection, society, moral support, and solace. As she was able to before the incident.

26. Because of these injuries, Plaintiff SUZANNE M. ROCKOFF, will be affected in her ability to perform these duties in the future. Plaintiff, MELVILLE H. ROCKOFF is therefore

deprived and will be permanently deprived of his spouse's consortium, and is entitled to compensatory damages for loss of consortium.

**WHEREFORE**, the Plaintiff, MELVILLE H. ROCKOFF demands judgment for all damages recoverable under the law against the Defendant, including prejudgment interest, and costs, and demands trial by jury.

RIVKIND & MARGULIES, P.A.
Attorneys for Plaintiff
Concord Building, Suite 600
66 West Flagler Street
Miami, Florida 33130
Telephone:   (305) 374-0565
Facsimile:   (305) 539-8341

By: _____
BRETT RIVKIND, ESQ.
FBN: 373486